JAMES FLAHERTY v. ATLANTIC CITY.

Argued February 20, 1906—Decided June 11, 1906.

An application for allowance of a *certiorari* to review an assessment of taxes on the ground of irregularities in the procedure of city council in revising the duplicate *denied*, there being nothing to show that the applicant or his property was not liable to taxation in respect to the purposes for which the taxes in question were assessed, nor that his property was assessed at more than its fair value.

On application for *certiorari.*

Before Justices FORT, PITNEY and REED.

For the applicant, *Thompson & Cole.*

For the respondent, *Harry Wootton.*

The opinion of the court was delivered by

PITNEY, J.   Flaherty prays the allowance of a writ of *certiorari* to review an assessment of taxes made by the municipal authorities of Atlantic City upon certain lands of his lying in that city for the year 1895.  The act of 1902, under which Atlantic City is now governed, by its forty-seventh section (*Pamph. L.* 1902, *p.* 309), provides that the board of assessors shall present their valuations and assessments to the city council for examination, revision and correction on the second Monday in August in each year.  The General Tax law (*Pamph. L.* 1903, *p.* 406, § 19) provides that the assessor shall present his assessment list to the governing body of the taxing district on the second Tuesday in August in each year. It appears that the assessors presented their duplicates to the city council on the evening of August 14th, 1905.  This was the second Monday in the month, the date fixed in the city's organic law.  One of the grounds on which the application for the writ is rested is that the failure of the council and the assessors to meet on the day fixed in the Tax law of 1903 vitiates the assessment.

It is further insisted that at the meeting of the city council held on August 14th the members of council did not, individually or collectively, discuss or take into consideration the question of the correctness or justice of the assessments against individual properties as made by the board of assessors, but that they arbitrarily voted for the increase of the assessment upon certain properties, including that of the applicant.

Without undertaking to determine the soundness of either of the points thus raised, we have concluded that a writ of

*certiorari* should not be allowed, and this for the reason that there is nothing to show that the applicant's land is not subject to assessment for the purposes for which the taxes in question were assessed against him, nor anything to create the slightest suspicion that his land has been assessed at more than its fair value.

If applicant's land was overvalued, he was entitled to an appeal to commissioners of appeal, either under the charter of Atlantic City (*Pamph. L.* 1902, *p.* 310, § 51, &c.) or under the General Tax law (*Pamph. L.* 1903, *p.* 411, § 27), with a further appeal to the state board of taxation. *Pamph. L.* 1903, *p.* 416, § 34.

And as to the alleged irregularities of procedure, the act of 1903, in its thirty-ninth section (*Pamph. L.* 1903, *p.* 419), declares that no tax or assessment shall be set aside or reversed in any court for any irregularity or defect in form, or illegality in assessing, laying or levying any such tax or assessment, if the person against whom or the property upon which such tax or assessment is assessed or laid is in fact liable to taxation or assessment in respect of the purposes for which such tax or assessment is levied, assessed or laid.

The application will therefore be denied, with costs.